IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL D. ALLISON,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JAMES M. NEAL, TYLER J. GRIFFIN, CITY OF BRIDGEPORT, IL, BARBIE MOREY, and LAWRENCE COUNTY,**<br><br>    **Defendants.** | Case No. 3:24-CV-01258-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 6), Motion for Leave to File Complaint and Demand for Jury Trial (Doc. 4), and Motion for Leave to File First Amended Complaint and Demand for Jury Trial (Doc. 10) filed by Plaintiff Michael D. Allison. The *pro se* complaint names James Neal (individually and in his official capacity as City Attorney for the City of Bridgeport), Tyler Griffin (individually and in his official capacity as the Mayor and Chief Executive Officer of the City of Bridgeport), the City of Bridgeport, Barbie Morey (individually and in her official capacity as Lawrence County Treasurer), and Lawrence County as defendants in this action. (Doc. 3). Allison now seeks to proceed in this Court without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action,

defense or appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed IFP; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Here, the Court is satisfied from Allison's affidavit that he is indigent. (Doc. 6). Allison asserts that he is unemployed and has no monthly wages or other source of income, other than borrowed money from his family. (*Id.*). In terms of assets, Allison claims to have no savings, but owns four inoperable vehicles, a used semi-trailer for storage, and real property at 744 Keppas Street in Bridgeport, Illinois. (*Id.*). Allison lists a $300 monthly mortgage expense. (*Id.*). As for debts, Allison asserts that he owes $9,000 to the lien holder of his private property, and he owes at least $10,000 to his family for borrowed money. (*Id.*). Based on the provided financial information, the Court finds that Allison is indigent under 28 U.S.C. § 1915(a)(1), and thus, grants his Motion for Leave to Proceed IFP. (Doc. 6).

While Allison is permitted to commence the suit without prepaying the filing fee, the Court also must screen his complaint for the case to proceed. *See* 28 U.S.C. § 1915(e)(2)(B). The Court shall dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, the undersigned must examine the allegations of the complaint.

## LEGAL STANDARD

In reviewing the complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649, 651 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422-23 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

## THE COMPLAINT

Allison asserts that he owns property in Bridgeport, Illinois, at 744 Keppas Street. (Doc. 3, p. 2). He alleges that the roof on the south side of his home collapsed while he was working out of state. (*Id.* at p. 9). When he returned to his home, he attempted to salvage his personal possessions and started the process of demolishing the remainder of the structure. (*Id.*). Once the COVID-19 pandemic swept the nation in March 2020, Allison paused his efforts to remove the damaged structure on his property. (*Id.* at p. 10). In May 2020, the City of Bridgeport sent a Notice to Remediate to Allison's address by certified mail and attached a two-foot by two-foot Notice into the siding of Allison's home with screws. (*Id.* at p. 16).

The Notice conveyed the City's intent to begin demolition of the hazardous, vacant structure on Allison's property within 30 days if Allison failed to demolish, repair, or enclose the structure himself or file objections within 30 days in the Circuit Court of Lawrence County, Illinois, or another court of competent jurisdiction. (*Id.* at pp. 18-19). In addition, the Notice warned that a lien may be placed on the property to recover the incurred costs of demolition, and the Notice listed Lawrence County Treasurer, Defendant Morey, as a lien holder against the property. (*Id.* at p. 19). The City issued the Notice pursuant to Section 11-31-1(e) of the Illinois Municipal Code and Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport. (*Id.* at pp. 19-20). After receiving the Notice, Allison investigated the new lienholder against his property. Apparently, Morey provided a vague explanation for the listed lien, stating that it was a "common practice" and "done all the time." (*Id.* at pp. 18, 69).

According to Allison, the City of Bridgeport also never initiated a court action, which prevented him from filing objections to the Notice. Instead, in May 2020, Allison filed his own civil suit against the City of Bridgeport in the Circuit Court of Lawrence County, Illinois, which cost him a $326 filing fee. (*Id.* at pp. 26, 45). In October 2022, Allison filed a motion to voluntarily suspend or dismiss without prejudice in his state court case. (*Id.* at p. 58). A month later, the state court granted Allison's motion to dismiss the complaint without prejudice. (*Id.* at pp. 59, 64). In 2024, Defendant Neal, who acted as the attorney for the City of Bridgeport in the state court action, resurrected the case by filing a "Notice of Status Hearing" along with a "Notice of Hearing – Demolition of Unsafe and Dangerous Building" after the case had already been dismissed. (*Id.* at pp. 32-

33, 64-65). Allison filed this action during the pendency of the "reopened" state case.

Allison challenges Defendants' actions as running afoul of the process outlined in the Notice and the accompanying statutes. (*Id.* at pp. 19, 25-26, 31, 94). He argues that, according to the Notice, the City cannot demolish or place a lien on the property for associated costs if the property owner takes action within the 30-day window by filing an objection in court or cleaning up, demolishing, or repairing the property himself. (*Id.*). In Allison's view, the listed lien gave the appearance that the property taxes were unpaid, which jeopardized his name, reputation, and credit rating with his bank, mortgage holder, and the community. (*Id.* at pp. 22-24). Additionally, Allison urges that Defendants failed to apply to the Circuit Court of Lawrence County for a court order authorizing the threatened actions, which denied Allison the opportunity to properly object to the Notice within the 30-day window. (*Id.* at pp. 39, 95). Then, Allison criticizes the state court for allowing Defendant Neal to reopen his case and set his objections for a new hearing. (*Id.* at pp. 164-166). Throughout his complaint, Allison also labels Defendants' actions as a scheme and a conspiracy. (*See, e.g., id.* at pp. 25, 76, 98, 107, 116, 125, 126, 128-31, 140-49, 167-73).

## ANALYSIS

Allison initiated this action for infringement of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights, and he seeks a declaration that Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and Section 11-31-1(e) of the Illinois

Municipal Code are unconstitutional on their face and/or as applied. (Doc. 3).[1] After consideration of Allison's 194-page and 423-paragraph complaint, the Court finds that he lacks standing to bring his claims. Even if Allison did have standing, most of his claims are barred by the statute of limitations, and the Court must likely abstain from hearing his remaining claim.

### I.  *Standing*

"Article III of the Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Pierre v. Midland Credit Management, Inc.*, 29 F.4th 934, 937 (7th Cir. 2022); U.S. CONST. art. III, § 2. Standing to sue is an essential component of this case-or-controversy limitation. *Id.* To show Article III standing, "a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Choice v. Kohn Law Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Simply put, without an injury caused by the defendant that the court can remedy, there is no case or controversy for a federal court to resolve. *Pierre*, 29 F.4th at 937.

After review of the complaint, the Court finds that Allison lacks standing to bring his claims as he alleges no concrete, particularized, or actual or imminent injury

---

[1] Allison filed a Motion for Leave to File a First Amended Complaint. (Doc. 10). He attached a proposed amended complaint to this motion. (Doc. 10-1). The Court reviewed the proposed 243-page and 545-paragraph amended complaint; however, it appears that pages 31 through 49 and 101 are missing or failed to copy correctly. After evaluating the available portions, the Court concludes that the proposed amended complaint substantially overlaps with the original complaint, and the additions do not change the nature of the claims or provide new information to support the allegations.

connected to Defendants that the Court can redress. Liberally construing the complaint, Allison appears to allege that he suffered in some way because the City of Bridgeport sought to demolish a collapsed structure on his property, the City of Bridgeport forced him to pay a $326 filing fee to initiate a civil suit and object to the threatened demolition, Lawrence County placed a premature lien on his property for the eventual demolition costs, and Defendant Neal reopened a previously closed case initiated by Allison.

According to the complaint, however, Allison's property remains intact, and no impending plan to carry out demolition looms over it. While the City of Bridgeport notified Allison of its intent to remove a collapsed structure on his property in 2020, nothing appears to have come of it. Thus far, the sequence of events has transpired as: the City of Bridgeport effecting notice in May 2020, Allison initiating a civil suit in state court to object to the Notice in June 2020, and the state court dismissing the case in November 2022 at Allison's request.

According to the complaint, the state court allowed Defendant Neal to reopen the previously dismissed case in March 2024.[2] At which time, Neal filed a "Notice of Hearing - Demolition of Unsafe and Dangerous Building." But the complaint, which was filed during the pendency of the reopened action, does not describe whether the City of Bridgeport obtained an order authorizing it to undertake demolition of the collapsed building on Allison's property or that a date has been set for demolition. Nor has Allison provided any indication that the building has actually been damaged or destroyed. Based

---

[2] To the extent Allison points to the reopening of his state court case in 2024 as basis for this suit, he also fails to meet the requirements of standing. It is hard to imagine how the reopening of a state court action qualifies as a concrete injury in fact that could be redressed by this Court.

on the complaint, Allison has failed to establish that he suffered an injury related to demolition or destruction of his property. His complaint also conveys that he received notice (placed on his property and sent via mail) and an opportunity to be heard (his state court action). Allison simply takes issue with the fact that he had to initiate a state court action to object to the demolition notice. As such, he lacks standing to bring his Fourth, Fifth, and Fourteenth Amendment claims. He has not shown any concrete, particularized, or actual or imminent injury—for example, a seizure or taking of his property or destruction of his property without due process. The process either appears to be ongoing or, possibly, the City of Bridgeport's intention to demolish his property has been abandoned. Either way, without the actual or imminent destruction of his property, Allison cannot assert a taking, seizure, or lack of due process.

Allison also attempts to establish an injury because Defendant Morey, the Lawrence County treasurer, listed herself as a lienholder on his property in the Notice to Remediate. Allison characterizes this action as so "prohibitive that it…amounts to a 'taking' of property, under color of state law," and claims that it damaged his name, reputation, and credit rating. (Doc. 3, pp. 8, 28, 56, 60, 76, 78, 83, 90, 104, 123, 130, 147, 160, 175, 177). Under Illinois law, the filing of a municipal demolition lien does not impact a property owner's use of that property until the lien is enforced through foreclosure proceedings. *See* 65 ILCS 5/11-31-1. Though the Notice to Remediate listed Morey as a lienholder on the property, it is unclear from the complaint whether a municipal demolition lien was actually recorded or filed against the property. In any event, neither Morey nor Lawrence County ever acted on the lien. Again, Allison does not establish any

concrete injury stemming from the listed lien.

At most, Allison describes that Lawrence County deviated from the statutory procedure by recording the lien before securing a judgment to demolish the property. But this departure from statutory procedure is not an injury in and of itself. He also fails to allege any facts to support the notion that he suffered a reputational injury or impact to his credit due to the municipal demolition lien listed on his property. Rather, Allison makes conclusory statements that his name, reputation, and credit rating suffered due to the lien. As such, it is impossible to discern an actual or concrete injury that resulted from the listed lien.

In his complaint, Allison tries to describe another injury—that the City of Bridgeport forced him to open a civil suit to object to the Notice to Remediate and pay a filing fee of $326 to do so. But "[t]he need to pay a filing fee for judicial review…is hardly the kind of harm needed to satisfy the Article III case or controversy requirement." *Wisconsin Voter Alliance v. Mills*, 720 F. Supp. 3d. 703, 709 (E.D. Wis. 2024).

Even if the filing fee was a concrete and particularized injury in fact, Allison fails to demonstrate that the injury was caused by any defendant, which is also required for standing. Allison chose to avail himself of a means of challenging the threatened demolition through judicial review and was charged a standard court filing fee in accordance with that decision. Moreover, the Seventh Circuit has recognized that simply allowing for judicial review can be an adequate procedure. *See Willow Way, LLC v. Village of Lyons, Ill.*, 83 F.4th 655, 656-57 (7th Cir. 2023) (*citing McKenzie v. Chicago*, 118 F.3d 552, 554 (7th Cir. 1997) ("[S]omeone who wants to stop a demolition has only to file suit in

state court, which automatically blocks action until the judge decides whether the building meets the statutory criteria for being razed."); *see also Graff v. City of Chicago*, 9 F.3d 1309, 1323-25 (7th Cir. 1993) (concluding that a state may impose the burden to initiate judicial review on the affected party).

Notably, Allison could have applied for a waiver of his court fees in state court, as he did within this action. But he did not do so. Further, he could have sought reimbursement of his costs, if available, at the end of his state court proceeding. Initiating a lawsuit was the means for Allison to challenge the demolition notice, but Allison cannot causally connect payment of the filing fee to any defendant to establish standing. Thus, Allison also lacks standing as to the filing fee (a claim he raises under the Eighth Amendment).

Allison has not demonstrated any concrete or particularized injury that he sustained under the statute or ordinance he challenges in the complaint. As such, Allison also lacks standing to raise his request for a declaration that Section 25-5-1 of the Revised Code of Ordinances of the City of Bridgeport and Section 11-31-1(e) of the Illinois Municipal Code are unconstitutional on their face and/or as applied.

Because Allison lacks standing to raise his claims, the Court lacks subject matter jurisdiction over his claims.

II. *Statute of Limitations*

In addition to Allison's lack of standing, much of the conduct he describes occurred over four years before he filed the complaint in this action. The City of Bridgeport posted its Notice to Remediate on his property and sent the same to him via

mail in May 2020. That same notice listed Morey as a lienholder on the property. Allison initiated the state court action in June 2020, which is when he incurred the filing fee. To determine the statute of limitations for Section 1983 claims, federal courts adopt the forum state's statute of limitations for personal injury claims. *Mitchell v. Donchin*, 286 F.3d 447, 450 n. 1 (7th Cir. 2002). In Illinois, the relevant statute of limitations is two years. *Id.*; 735 ILCS 5/13-202. As Allison initiated this suit nearly four years after the conduct noted above, his claims related to such conduct are also almost certainly barred by the statute of limitations.

Complaints typically do not need to anticipate and overcome affirmative defenses like a statute of limitations defense. *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017). But dismissal on a statute of limitations basis can be appropriate if the complaint contains everything necessary to establish that the claim is untimely. *Collins v. Village of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017). Such is the case here. Thus, even if Allison had standing to bring these claims, they would likely be dismissed as time barred.

### III. *Abstention*

The only new conduct Allison alleges is the "reopening" of his dismissed state court case in early 2024. In that proceeding, Defendant Neal filed a Notice of Hearing regarding the demolition of the collapsed structure on Allison's property. Allison filed this lawsuit during the pendency of that reopened action. It is unclear what relief Allison seeks in relation to the ongoing state court action—perhaps intervention to halt the reopening of the case. But lower federal courts may not enjoin pending state court actions

except in rare circumstances. *See Younger v. Harris*, 401 U.S. 37, 45-48 (1971). Typically, lower federal courts "must presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution, and 'that state procedures will afford an adequate remedy.'" *Barichello v. McDonald*, 98 F.3d 948, 954-55 (7th Cir. 1996) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). Even if Allison had standing to raise a claim related to recent action in his state court case, the Court would likely have to abstain from deciding such claim.

## Conclusion

For these reasons, the Court **GRANTS** Allison's Motion for Leave to Proceed *in forma pauperis* (Doc. 6) but **DISMISSES** the complaint (Doc. 3) for lack of subject matter jurisdiction. Because Allison lacks standing to raise his claims, and for the other analysis provided by the Court relating to the statute of limitations and abstention, the Court also declines to allow him to amend his complaint.

Furthermore, Allison's Motion for Leave to File Complaint and Demand for Jury Trial (Doc. 4) is **DENIED** as duplicative of the relief sought in his Motion for Leave to Proceed *in forma pauperis*. Allison's Motion for Leave to File First Amended Complaint and Demand for Jury Trial (Doc. 10) is also **DENIED**. The Court cannot fully review the proposed amended complaint because it appears to be missing pages 31 through 49 and 101. (*See* Doc. 10-1). From what the Court can review, the proposed amended complaint substantially overlaps with the original complaint, and the additions do not change Allison's ability to establish standing or the Court's analysis above.

This entire action is **DISMISSED**, and the Clerk of Court is **DIRECTED** to enter

judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED:   January 23, 2025**

                                               **NANCY J. ROSENSTENGEL**
                                               **Chief U.S. District Judge**